UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:
08-23218-CIV-MORENO**

MIAMI CHILDREN'S HOSPITAL, INC.,

    Plaintiff,

vs.

KAISER FOUNDATION HEALTH PLAN, INC.,
a/k/a KAISER PERMANENTE, and KAISER
FOUNDATION HOSPITALS,

    Defendants.
_____/



CLOSED CIVIL CASE

## ORDER DISMISSING COUNTS I AND II, STAYING REMAINING CLAIMS, AND PLACING MATTER IN CIVIL SUSPENSE FILE

This contract dispute arose after Defendants Kaiser Foundation Health Plan and Kaiser Foundation Hospital (collectively "Kaiser") failed to pay Plaintiff Miami Children's Hospital ("MCH") for treatment administered to a minor. MCH filed a four count complaint alleging breach of agreement, assignment of benefits, verification of benefits, and unjust enrichment. Before the Court is Kaiser's motion to dismiss, which argues that: (1) the Court lacks personal jurisdiction over Kaiser; (2) the Employee Retirement Income Security Act ("ERISA") preempts Counts I and II; and (3) Count III fails to state a claim upon which relief can be granted. First, the Court finds that it has personal jurisdiction over Kaiser. Second, ERISA preempts Counts I and II, requiring the Court to dismiss these claims without prejudice and with leave to re-file them once MCH exhausts its administrative remedies. In the meantime, the Court will stay Counts III and IV pending the outcome of the administrative process, and require the parties to attend mediation.

**BACKGROUND**

Plaintiff MCH, a Florida not-for-profit hospital, treated minor W.P., a California resident, on or about February 21, 2007. At the time, W.P. had health insurance through an employer plan provided to W.P.'s parent by Kaiser, a California insurance company. The policy covered emergency medical services for W.P. as a beneficiary. Treatment at MCH cost $229,192.00, and Kaiser negotiated a discount agreement with MCH whereby Kaiser would pay 75% of the charges. But after reviewing the charges and the medical records, Kaiser concluded that the medical services provided did not constitute an "emergency" under the policy. To date, Kaiser has refused to pay MCH any amount of W.P.'s medical bills. In response, MCH filed suit based on Kaiser's alleged breach of agreement. Before the Court is Kaiser's motion to dismiss MCH's complaint.

**DISCUSSION**

Kaiser argues that (1) the Court lacks personal jurisdiction to hear any of MCH's claims; (2) ERISA preempts Counts I and II; and (3) Count III fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b). For the foregoing reasons, the Court finds that it has personal jurisdiction over Kaiser, but that Counts I and II are preempted by ERISA. Further, Kaiser's motion to dismiss Count III is denied, but the Court will stay Counts III and IV pending the outcome of the ERISA administrative process.

**I.      Motion to Dismiss Standard**

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

## II. The Court Has Personal Jurisdiction Over Kaiser

In deciding whether it has personal jurisdiction over Kaiser, the Court must decide whether (1) Florida's long arm statute establishes a basis for personal jurisdiction, and (2) whether minimum contacts exist between Kaiser and the state of Florida so as not to offend the Due Process Clause of the Fourteenth Amendment. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The Court's exercise of jurisdiction must accord with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A. Florida's Long Arm Statute Confers Jurisdiction Over Kaiser

While the parties do not dispute that Florida's long arm statute confers personal jurisdiction over Kaiser as to Count I, it is a closer call as to the quasi-contractual claims alleged in Counts III and IV. *See* Fla. Stat. §§ 48.193(1)(d) and (g). The long arm statute states in relevant part:

> (1) Any person...submits himself....to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Count III is a "verification of benefits" claim. The Court learned from Plaintiff's response to Kaiser's motion to dismiss that MCH meant to allege a promissory estoppel claim based on the insurance

policy between Kaiser and Plaintiff as the assignee. Count IV is a *quantum meruit* claim, also based on the underlying insurance policy. It is unclear whether these quasi-contractual claims fall within subsection (g). Florida case law is sparse on this point. Only one state appellate court has addressed this issue, and found "no reason why [subsection (g)] should not be applicable to implied, as well as express contracts." *McDaniel v. Dept. of Administration*, 450 So. 2d 572, 573 (Fla. 1st DCA 1984).

Regardless of whether subsection (g) confers personal jurisdiction over Kaiser, Counts III and IV are based on the underlying insurance policy issued by Kaiser. Subsection (d) confers jurisdiction because the policy clearly states that Kaiser covers "emergencies" in all fifty states. Accordingly, the long arm statute confers personal jurisdiction over Kaiser.

**B.     Minimum Contacts**

   *i.     Proper Standard*

The minimum contacts requirement protects a defendant from "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotations omitted). Here, the Court employs the three-part "specific jurisdiction" test because this case arises from Kaiser's alleged activities in Florida that relate to this cause of action. *See McGow v. McCurry*, 412 F. 3d 1207, 1214, n.3 (11th Cir. 2005). Courts in the Eleventh Circuit find sufficient contacts with the forum state when the contacts: (1) relate to Plaintiff's cause of action; (2) involve an act through which the defendant purposefully avails itself to conducting business within the forum; and (3) imply that the defendant should reasonably anticipate being haled into court in the forum. *See Clover Sys., Inc. v. Almagran, S.A.*, 2007 WL 1655377, at *4 (June 7, 2007) (citing *Baker Elec., Inc. v. Pentar Sys., Inc.*, 219 F. Supp. 2d 1260, 1264 (M.D. Fla. 2002)).

In *Burger King*, the Supreme Court found that "an individual's contract with an out-of-state party *alone* can[not] automatically establish sufficient minimum contacts..." 471 U.S. at 478 (emphasis in original). Instead, the Court found that factors such as past and future negotiations, the contract terms, and the parties' actual dealings determine whether the defendant established sufficient contacts with the forum state. *Id.* at 479. In the insurance contract context however, a policy that extends coverage to all fifty states creates personal jurisdiction over the insurer in any such state. *McGow*, 412 F. 3d at 1215. Indeed, *McGow* controls the Court's minimum contacts analysis because Counts III and IV are based on Kaiser's insurance policy.

    *ii.* *Kaiser Has Sufficient Minimum Contacts with Florida*

Counts I and II are based on a single agreement between MCH and Kaiser. Under the agreement, Kaiser agreed to pay MCH 75% of W.P.'s total medical costs incurred from treatment at the hospital. Were the Court only to consider Counts I and II, there would not be personal jurisdiction over Kaiser. *See Burger King*, at 478. In regards to Counts III and IV however, the Court analyzes its personal jurisdiction over Kaiser pursuant to *McGow* and its progeny. 412 F.3d at 1215. These Counts are based on the underlying insurance policy in which Kaiser extends coverage to the insured for an emergency in all fifty states. In such cases, courts have found that personal jurisdiction exists over an insurer in any state where the insurance policy extends coverage. *See e.g. McGow*, at 1215. The insurer must expect to be haled into any state court, as it undoubtedly receives higher premiums by offering nationwide coverage. *Id.*; *Dollar Sys. Inc. v. Elvia*, 863 So. 2d 378 (Fla. 4th DCA 2003); *Virginia Farm Bureau v. Dunford*, 877 So. 2d 22 (Fla. 4th DCA 2004). Indeed, the Eleventh Circuit has observed that "insurance by its nature involves the assertion of claims and resort to litigation is often necessary." *McGow*, 412 F. 3d at 1215. If the insurer does not want to open itself up to suit

in certain states, it is free to limit the territorial coverage. *Id.* Kaiser knew it was contracting with a Florida entity that would require payment in Florida. Thus, the Court has personal jurisdiction over Kaiser.

### III. ERISA Preemption

ERISA is the exclusive cause of action for the recovery of benefits under an ERISA plan. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-67 (1987). Kaiser asks the Court to dismiss Counts I and II due to complete and defensive ERISA preemption. *See* 29 U.S.C. § 1132(a) and 29 U.S.C. § 1144(a). ERISA's complete preemption arises from Congress's creation of a comprehensive remedial scheme in Section 1132. *Butero v. Royal Maccabees Life Ins. Co*, 174 F.3d 1207 (11th Cir. 1999). Thus, "if a state law claim is in fact properly one that arises under ERISA's enforcement provisions, *e.g.*, a claim for benefits, ERISA complete preemption should apply." *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1289 (S.D. Fla. 2003). Defensive preemption originates from ERISA's express preemption provision, Section 1144(a), and is utilized as an affirmative defense against state law claims. *Id.* at 1288. As with complete preemption, the Court should dismiss a state law claim that is "defensively preempted" by ERISA. *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006).

#### A. Count II Must be Dismissed Based on Complete Preemption by ERISA

Count II alleges an assignment of benefits claim, and seeks damages from Kaiser's alleged breach of its policy plan for W.P.[1] To dismiss MCH's assignment of benefits claim due to complete ERISA preemption, Kaiser must show: (1) a relevant ERISA plan; (2) MCH's standing to sue; (3) Kaiser is an ERISA entity; and (4) the complaint seeks relief akin to what is available under section

---

[1] W.P. assigned its rights under the plan to MCH.

1132(a). *Butero*, 174 F.3d at 1212. Indeed, the *Butero* factors make clear that ERISA completely preempts MCH's assignment of benefits claim.

      i.     *The ERISA Plan and The ERISA Entity*

An ERISA plan is an employee benefit plan, fund, or program that an employer maintains to provide "medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits" to participants or their beneficiaries. *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028 (11th Cir. 1997). In determining whether ERISA governs Kaiser's plan, the Court may look beyond Plaintiff's complaint. *In re Managed Care Litig.*, 2009 WL 205058, at *4, n.4 (S.D. Fla. Jan. 23, 2009). As Kaiser points out, the analysis focuses on the nature of the plan in question. W.P.'s parent participated in a health care plan offered by the employer, High Desert Realty. The plan's purpose was to provide medical, surgical, and hospital care benefits to participant employees and their beneficiaries. (*See generally* "Kaiser Permanente for Small Businesses Evidence of Coverage for High Desert Realty"; Aff. of Jimmy L. Boykin, at ¶4). Based on this stated purpose, it is clear that ERISA governs Kaiser's plan. *Id.*; *See Franklin*, 127 F.3d at 1028.

As to whether Kaiser acts as an ERISA entity, the Court follows the Eleventh Circuit's logic in *Butero*. 174 F.3d at 1213. "[I]f we have an ERISA plan" issued by Defendant, then Defendant is "an ERISA entity" because it can "control the payment of benefits and the determination of [plaintiff's] rights..." *Id.* As the provider of the ERISA plan, Kaiser is therefore an ERISA entity.

      ii.    *ERISA Standing*

Next, the Court must determine whether MCH has standing to sue under ERISA. Generally, healthcare providers such as MCH lack standing to sue under ERISA because only beneficiaries or participants can do so. *Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997). But in *Cagle*, the

Eleventh Circuit held that a healthcare provider that receives assignments of benefits from an ERISA plan's beneficiary or participant acquires derivative standing. *Id.* at 1515. Kaiser argues, and MCH does not dispute, that MCH is an assignee of W.P.'s plan. The Court agrees, and finds that MCH has derivative standing to file suit under ERISA.

    *iii.*  *Relief Sought in the Complaint*

Finally, Count II seeks similar relief as that provided under Section 1132(a). MCH seeks payment for medical expenses pursuant to Kaiser's policy that it issued to W.P. Such relief, as is often the case, is a claim for benefits under the plan. *Butero*, at 1212. After applying the *Butero* factors, the Court finds that Count II is completely preempted by ERISA, warranting dismissal without prejudice. MCH may re-file this claim once it exhausts its administrative remedies under ERISA.

**B. Count I is Dismissed Based on Defensive Preemption under ERISA**

Defensive preemption requires the Court to dismiss a state law claim that "relates to" an ERISA plan. *Id.* at 1215 (citing § 1144(a)). Count I is a breach of agreement claim against Kaiser based on the Letter of Agreement in which Kaiser contracted to pay MCH all benefits owed to W.P. pursuant to W.P.'s policy. The dispositive issue as to MCH's breach of agreement claim is whether the services provided by MCH to W.P. are covered by Kaiser. To resolve this issue, the Court interprets the ERISA plan's language to determine whether there is a sufficient nexus to satisfy the *Butero* "relates to" test. *Id.* at 1212. The Supreme Court has interpreted the "relates to" language in the ERISA preemption clauses to mean that a state law claim "has a connection with or reference to [a benefit plan]." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (internal quotations omitted). And because MCH's breach of agreement claim would require the Court to interpret the underlying

Kaiser policy, the Court finds ERISA defensively preempts Count I. *See Burke v. Smithkline Bio-Science Labs.*, 858 F. Supp. 1181, 1183 (M.D. Fla. 1994) (finding that ERISA preempts state law claims where plaintiff's allegations would "require the interpretation of an employee benefit contract.").

IV.  **Count III States a Claim Upon Which Relief Can be Granted**

Count III is a "verification of benefits" claim. Kaiser's motion to dismiss argues that this claim is unclear. Guessing that MCH meant to plead a negligent misrepresentation claim, Kaiser submits that MCH does not meet the elements of that cause of action. In response, MCH clarifies that Count III states a claim for promissory estoppel based on Kaiser's promise, and subsequent denial, of coverage. As pled in the complaint, Count III is indeed very vague. But other than the misnomer "verification of benefits," the underlying allegations laid out in Count III satisfy the elements of a promissory estoppel claim. In order to state a promissory estoppel claim, Plaintiff must allege: (1) a promise made by the promisor; (2) the promisor reasonably expects to induce the promisee to act; (3) an induced action or forbearance; and (4) justice requires enforcement of the promise. *West-Indies Network-I, LLC v. Nortel Networks, Inc.*, 243 Fed. Appx. 482, 485 (11th Cir. 2007) (citing *W.R. Grace & Co. V. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)).

It is clear that MCH alleges a promise of payment by Kaiser based on the underlying insurance policy, prompting MCH to provide medical services to W.P. and to refund payment to W.P.'s parents in reliance thereof. *See West-Indies Network-I*, 243 Fed. Appx. at 485. At the pleading stage, MCH sufficiently shows that justice requires enforcement of the promise. Kaiser's motion to dismiss Count III should be denied.

## CONCLUSION

Based on the foregoing, it is

**ADJUDGED** that the Court has personal jurisdiction over Kaiser to rule on the merits. Accordingly, the Court finds that ERISA preempts Counts I and II, requiring their dismissal without prejudice.  MCH shall have leave to re-file these claims after it exhausts its administrative remedies pursuant to ERISA.  In the meantime, the Court will stay Counts III and IV pending the outcome of the ERISA administrative process.  It is further

**ADJUDGED** that the parties shall attend mediation by **September 25, 2009**.  Finally, it is

**ADJUDGED** that the clerk of court shall place this matter into a civil suspense file and CLOSE this case for statistical purposes.  All pending motions are DENIED as MOOT with leave to re-file when appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record